Dear Director DeWade Langley,
¶ 0 We have received your request for an official Opinion of the Attorney General in which you asked, in effect, the following question:
Are documents comprising a background investigation performedby the Oklahoma State Bureau of Investigation ("the OSBI") forthe Judicial Nominating Commission public records which must bedisclosed to the subject of the investigation upon request?
 AUTHORITY OF THE JUDICIAL NOMINATING COMMISSION
¶ 1 The Oklahoma Constitution provides that in the event of any vacancy in a judicial office, it is incumbent upon the Judicial Nominating Commission ("the Commission") to choose and submit the names of three (3) nominees for the position, from which list the Governor shall appoint one (1) person to the position:
 When a vacancy in any Judicial Office, however arising, occurs or is certain to occur, the Judicial Nominating Commission shall choose and submit to the Governor and the Chief Justice of the Supreme Court three (3) nominees, each of whom has previously notified the Commission in writing that he will serve as a Judicial Officer if appointed. The Governor shall appoint one (1) of the nominees to fill the vacancy, but if he fails to do so within sixty (60) days the Chief Justice of the Supreme Court shall appoint one (1) of the nominees, the appointment to be certified by the Secretary of State.
Okla. Const. art. VII-B, § 4.
¶ 2 The Governor is required to use the services of the Commission in filling any vacancy to an office of district judge, associate district judge, or judge of any intermediate appellate court. 51 O.S. Supp. 1996, § 10[51-10](a).
¶ 3 To carry out its duties, the Commission is authorized to request and receive background investigations on nominees for judicial offices:
 Of the full-time-equivalent employees authorized for the Oklahoma State Bureau of Investigation, one senior agent shall be employed for the purpose of conducting judicial background investigations requested by the Judicial Nominating Commission. When not conducting investigations for the Judicial Nominating Commission, the senior agent may be involved in investigations as requested by the Council on Judicial Complaints and in other investigations as deemed appropriate by the Director of the Oklahoma State Bureau of Investigation; provided, however, the first priority of the agent will be to respond to requests of the Commission.
74 O.S. Supp. 1996, § 150.34[74-150.34].
¶ 4 As a general rule, all records relating to investigations of the OSBI are required to be kept confidential by the OSBI and any person authorized to receive the record, except as otherwise authorized by law:
 All records relating to any investigation being conducted by the Bureau shall be confidential and shall not be open to the public or to the Commission
except as provided in Section 150.4 of this title; provided, however, officers and agents of the Bureau may disclose, at the discretion of the Director, such investigative information to officers and agents of federal, state, county, or municipal law enforcement agencies and to district attorneys, in the furtherance of criminal investigations within their respective jurisdictions. Any unauthorized disclosure of any information contained in the confidential files of the Bureau shall be a misdemeanor. The person or entity authorized to initiate investigations in this section shall receive a report of the results of the requested investigation. The person or entity requesting the investigation may give that information only to the appropriate prosecutorial officer or agency having statutory authority in the matter if that action appears proper from the information contained in the report, and shall not reveal or give such information to any other person or agency. Violation hereof shall be deemed willful neglect of duty and shall be grounds for removal from office.
74 O.S. Supp. 1996, § 150.5[74-150.5](D) (emphasis added).
¶ 5 The primary goal of statutory construction is to ascertain and give effect to expressed legislative intent. Moss v. City ofOklahoma City, 897 P.2d 280, 286 (Okla. 1995). In this case, the Legislature has expressed an intent that the Commission be authorized to request background investigations on judicial nominees.[1] 74 O.S. Supp. 1996, § 150.34[74-150.34]. Indeed, the OSBI is mandated to provide a senior agent to accomplish this purpose. Nevertheless, Section 150.5(D) specifically mandates that "[a]ll records relating to any investigation" of the OSBI shall be confidential. Limited exceptions to this mandate of confidentiality are authorized to persons acting in an official capacity; however, no exception authorizes release to the public or the subject of a background investigation for a judicial nomination. We find no other provision allowing such. Therefore, we conclude that records of OSBI investigative reports made pursuant to Section 150.34 must be kept confidential pursuant to Section 150.5(D).
 APPLICATION TO THE OPEN RECORDS ACT
¶ 6 For the purposes of this Opinion, we can presume that records of the OSBI are records under of the Oklahoma Open Records Act. 51 O.S. Supp. 1996, § 24A.3[51-24A.3](1). Nevertheless, the Open Records Act also provides that:
 The Oklahoma Open Records Act . . . does not apply to records specifically required by law to be kept confidential. . . .
51 O.S. Supp. 1996, § 24A.5[51-24A.5](1).
¶ 7 In that 74 O.S. Supp. 1996, § 150.5[74-150.5](D) provides a specific mandate of confidentiality, we must conclude that the Open Records Act neither authorizes nor requires release of records of OSBI investigative reports regarding background investigations for judicial nominations.
 EFFECT OF CLOSURE OF THE INVESTIGATION
¶ 8 Your letter to this office inquired whether the fact that an investigation has been closed would affect the confidential nature of the records of an OSBI investigative report. This issue has recently been clarified by the Oklahoma Supreme Court. InState ex rel. Hicks v. Thompson, 851 P.2d 1077 (Okla. 1993), the Court stated, "[t]he fact that the investigation is closed does not alter the confidential nature of those records."
¶ 9 In that the confidentiality of records involved in Stateex rel. Hicks is the same as in your question, we must conclude the same result in a closed investigation of a nominee to a judicial office.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Documents comprising a background investigation performed bythe Oklahoma State Bureau of Investigation for the JudicialNominating Commission are confidential records and cannot bedisclosed to the subject of the investigation or to the public.74 O.S. Supp. 1996, §§ 150.5(D), 150.34; 51 O.S. Supp. 1996,§ 24A.5(1).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] We note, likewise, that the Governor is authorized to request those and other investigations. 74 O.S. Supp. 1996, § 150.5[74-150.5](B).